

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,945-01

### EX PARTE DAVID VISCONTI, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16-2523-K277 IN THE 277TH DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam.*

### O R D E R

Applicant pleaded guilty to evading arrest or detention and was sentenced to four years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was released to parole on February 5, 2018, that a parole revocation warrant was issue on November 14, 2019, and that he was arrested pursuant to that warrant on July 23, 2019. Applicant alleges that he has been held pursuant to the parole revocation warrant since his arrest.

According to an affidavit from TDCJ submitted by Applicant, if his parole were to be revoked and if he were to forfeit the time he spent out on parole before revocation, his flat time plus his good time credit would add up to his maximum sentence, making him eligible for discretionary mandatory supervision, as of October 15, 2020. Applicant alleges that the parole revocation warrant should be lifted so that he can be reviewed for discretionary mandatory supervision.

Applicant filed this application in the district court on January 11, 2021, and the State acknowledged receipt of the application on January 12, 2021. On February 24, 2021, the trial court entered an order designating issues. Although that order was not entered within the 35-day period specified in Article 11.07, §3(d) of the Texas Code of Criminal Procedure, the district clerk did not forward the habeas application to this Court until 180 days had passed from the date the State acknowledged receipt of the application. Nevertheless, the trial court has not made findings of fact and conclusions of law as to the claims raised in the application.

We remand this application to the trial court to complete its evidentiary investigation and make findings of fact and conclusions of law.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:    August 25, 2021

Do not publish